Brian P. MOORE, Appellant,

v.

AGENCY FOR INTERNATIONAL DEVELOPMENT, et al., Appellees.

No. 91–5193.

United States Court of Appeals, District of Columbia Circuit.

Argued Feb. 11, 1993.

Decided June 15, 1993.

Glenn H. Carlson, Washington, DC, argued the cause for the appellant. On brief was Diane E. Cafferty, Washington, DC.

Mark E. Nagle, Asst. U.S. Atty., Washington, DC, argued the cause for the appellees. On brief were Jay B. Stephens, U.S. Atty. at the time the brief was filed, and John D. Bates and R. Craig Lawrence, Asst. U.S. Attys., Washington, DC. Michael J. Ryan, Asst. U.S. Atty., Washington, DC, also entered an appearance for appellees.

Before BUCKLEY, D.H. GINSBURG and HENDERSON, Circuit Judges.

KAREN LECRAFT HENDERSON, Circuit Judge:

Brian P. Moore filed a pro se complaint against the Agency for International Development (AID) and against Ronald W. Roskens, its Director, and George Wachtenheim, the Former Acting Director of AID/Bolivia, in their official and individual capacities. Moore alleged various violations of his civil rights, libel and slander, personal injury and loss of property resulting from the defendants' actions. Roskens resides in Virginia and Wachtenheim resides in Honduras. The district court dismissed all of the claims with prejudice.[1] It dismissed the constitutional claims against Roskens and Wachtenheim because of improper service of process, lack of venue and failure to meet this circuit's heightened pleading standard. Moore appeals the dismissal of his constitutional claims against the defendants in their individual capacities only. Because Moore is a pro se plaintiff, we remand to allow him to amend his complaint and to correct his service of process. In addition, because Congress amended 28 U.S.C. § 1391, the general venue statute, while this case was pending in district court, we remand to allow the district court to reconsider whether venue lies in this jurisdiction.

I.

Because the appeal arises in part from a rule 12(b)(6) motion to dismiss, we accept Moore's allegations of facts in the complaint as true. *Whitacre v. Davey,* 890 F.2d 1168 (D.C.Cir.1989), *cert. denied,* 497 U.S. 1038, 110 S.Ct. 3301, 111 L.Ed.2d 810 (1990). Moore is a former employee of Management Sciences for Health (MSH), a Massachusetts corporation that had a contract with AID to provide medical services in Bolivia. Beginning in February 1987, he served as "chief of party," MSH's technical advisor for the project. According to Moore, in April 1987, Wachtenheim libeled and slandered him, both personally and professionally, to other AID officials.[2] Peter Rozzelle[3] of MSH verbally informed Moore that AID had conditioned renewal of its contract with MSH on Moore's termination from the project. In

1. Throughout its order, the district court states its intention to dismiss Moore's claims. At the end of the order, it grants the defendants' motion for summary judgment and further orders the complaint dismissed with prejudice. Because its reasoning speaks to a dismissal and because the parties treat this case as a dismissal with prejudice, we also treat Moore's complaint as having been dismissed with prejudice.

2. Wachtenheim had been Moore's Peace Corps Director in Peru during 1971–72. Moore had opposed certain political appointees and certain projects conducted by the Peace Corps in Peru. Moore's activities had apparently adversely affected Wachtenheim's employment status there.

3. In his brief, Moore states that Peter Huff–Rousselle, Vice President of MSH, informed him of AID's renewal condition. We assume that Huff–Rousselle and Rozzelle are the same person.

early May 1987, MSH terminated Moore effective May 15, 1987.

Since his termination, Moore has been unable to find similar work with private international health care consultants who contract with AID. He asserts that these organizations have not hired him because of their fear that they would not obtain contracts with AID. For example, John Snow, Inc. conducted six weeks of interviews but did not hire him after the "President of [the] company wanted to check out his sources at AID to see if [he] was on the AID 'enemies' list' or 'black list.'" Response to Motion to Dismiss or for Summary Judgment of Defendants (Response) at 13.

Moore argues that AID's directive to terminate him denied him due process and that it interfered with his "right to employment and equal treatment under the law." Complaint at 4. Moore's complaint does not explain how Roskens was involved in his termination but his brief asserts that "this directive was communicated to MSH through AID agents Ronald W. Roskens and George Wachtenheim." Appellant's Brief at 2.

Moore filed suit on April 13, 1990, in the United States District Court for the District of Columbia. He served the United States Attorney General on April 26, 1990. He then served the United States Attorney on May 3, 1990. On July 2, 1990, an Assistant United States Attorney (AUSA) made an appearance for the defendants.

The defendants moved to dismiss or in the alternative for summary judgment. They argued that the defendants were not properly served, that venue did not lie in the District of Columbia and that Moore's constitutional claims failed to satisfy this circuit's heightened pleading standard. Moore conceded that he did not properly serve the defendants and asked the district court for an opportunity to correct his service of process. Response at 7. He opposed the defendants' other two arguments. The district court agreed with the defendants and dismissed the claims with prejudice. Moore, now represented by counsel, appeals.

## II.

As noted, Moore brought this suit pro se. Pro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings. See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972) (pro se complaints held to "less stringent standards than formal pleadings drafted by lawyers"); Redwood v. Council of the Dist. of Columbia, 679 F.2d 931, 933 (D.C.Cir.1982). In Neal v. Kelly, 963 F.2d 453 (D.C.Cir.1992), we discussed the importance of providing pro se litigants with the necessary knowledge to participate effectively in the trial process. Although Neal involved "'notice of the consequences of failing to respond with affidavits to a motion for summary judgment,'" id. at 456 (quoting Lewis v. Faulkner, 689 F.2d 100, 102 (7th Cir.1982)), not inadequate service of process or insufficient pleadings, we believe the principle established in that case applies equally here: "'Mere time [to correct a defect] is not enough, if knowledge of the consequences of not making use of it is wanting.'" Id. (quoting Lewis, 689 F.2d at 102). District courts do not need to provide detailed guidance to pro se litigants but should supply minimal notice of the consequences of not complying with procedural rules. See Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir.1987). The assistance provided by the district courts, however, "does not constitute a license for a plaintiff filing pro se to ignore the Federal Rules of Civil Procedure." Jarrell v. Tisch, 656 F.Supp. 237, 239 (D.D.C.1987).

Courts have permitted pro se litigants to perfect service of process. See id.; Dixon v. Stephenson, Inc., 614 F.Supp. 60, 62 (D.D.C.1985); cf. Patterson v. Brady, 131 F.R.D. 679 (S.D.Ind.1990) (pro se litigant allowed to proceed where she timely served primary defendant but was not on notice that she had to serve other government defendants); Crane v. Battelle, 127 F.R.D. 174 (S.D.Cal.1989) (in forma pauperis plaintiff allowed 45 days to repeat service of process); Lugo v. City of Charlotte, 577 F.Supp. 988 (W.D.N.C.1984) ("corrected" service of process performed by court where defendants had ample notice of filings). Moore attempt-

ed to serve the defendants shortly after filing suit. On July 2, 1990, when the AUSA made an appearance for the defendants, he requested an extension of time to respond because his office had not yet been authorized to represent Roskens and Wachtenheim. When he filed a second request on August 1, he indicated that his office would be representing them. He asked for a third extension on August 6. Moore, aware of the repeated appearances by the AUSA, no doubt believed the defendants had been properly served. Finally, on August 9, 118 days after the lawsuit began and two days before the 120–day deadline to serve them, Fed.R.Civ.P. 4(j), the defendants moved to dismiss.[4] We conclude that two attempts to serve the defendants who had notice of the suit and were represented by counsel, coupled with the government's long delay in responding to the complaint, constitute good cause to satisfy Rule 4(j). Accordingly, we remand to give Moore the opportunity to perfect his service of process.

## III.

■ Although Moore's allegations in his complaint are sketchy, he appears to assert that Roskens and Wachtenheim, acting in bad faith and with malice, caused his termination and interfered with future job prospects. Assuming, without deciding, that their actions violated his constitutional rights, Moore must nonetheless satisfy this circuit's heightened pleading standard applicable to *Bivens* actions in order to overcome their defense of qualified immunity.[5] To meet the heightened pleading standard, Moore must produce " 'some *direct evidence* that the officials' actions were improperly motivated . . . if the case is to proceed to trial.' " *Whitacre*, 890 F.2d at 1171 (quoting *Martin v. District of Columbia Metro. Police Dep't*, 812 F.2d 1425, 1435 (D.C.Cir.1987)) (emphasis in *Whitacre*); *see also Siegert v.*

*Gilley*, 895 F.2d 797, 802 (D.C.Cir.1990) ("[S]uch intent must be pleaded with specific, discernible facts or offers of proof that constitute direct as opposed to merely circumstantial evidence of the intent."), *aff'd on other grounds*, —— U.S. ——, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991). Moore concedes that his complaint does not meet this standard. Appellant's Brief at 9. He contends, however, that the district court should have alerted him to the defects and allowed him to amend his complaint.

We have long recognized that leave to amend a complaint "shall be freely given when justice so requires." *Wyant v. Crittenden*, 113 F.2d 170, 175 (D.C.Cir.1940); Fed. R.Civ.P. 15(a). As we noted in *Wyant*, this principle "would appear to be particularly appropriate when the party seeking to amend is permitted to proceed in forma pauperis and, because of his circumstances, does so without benefit of counsel." *Wyant*, 113 F.2d at 175. Other circuits agree that leave to amend is particularly appropriate when a plaintiff proceeds pro se. *See Gallegos v. Louisiana Code of Criminal Procedures Art. 658 Paragraph A & C(4)*, 858 F.2d 1091, 1092 (5th Cir.1988); *Eldridge*, 832 F.2d at 1135–36; *Farkas v. Texas Instruments, Inc.*, 429 F.2d 849, 851–52 (1st Cir.1970).

■ Moreover, the district court should give the pro se litigant at least minimal notice of our pleading requirements. In *Hudson v. Hardy*, 412 F.2d 1091, 1094 (D.C.Cir. 1968), we held that "before entering summary judgment against [a pro se prisoner] appellant, the District Court, as a bare minimum, should have provided him with fair notice of the requirements of the summary judgment rule." The form of notice must be "sufficiently understandable to one in appellant's circumstances fairly to apprise him of what is required." *Id.* The same principle applies here. Because there is no indication

---

4. Rule 4(j) provides in pertinent part: "If .. service . . . is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion."

5. In *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court held that a plaintiff may recover money damages from federal officers who violate his constitutional rights.

that any of the defendants would have been prejudiced by allowing Moore leave to amend or that amendment would have been futile, the district court should have permitted Moore to amend his complaint.

## IV.

The district court also dismissed Moore's complaint for lack of venue. It concluded that "[t]he allegations made in the complaint are in no way connected with this jurisdiction, and the vague assertions of connectedness made in plaintiff's opposition to the motion to dismiss, even if they had been properly pled in the complaint, are insufficient to establish venue in this jurisdiction." Memorandum Opinion at 2–3. Moore primarily relied on 28 U.S.C. § 1391(e)(3) as a basis for venue in the District of Columbia. Section 1391(e)(3) provides that "[a] civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority ... may ... be brought in any judicial district in which ... (3) the plaintiff resides if no real property is involved in the action." [6] Section 1391(e), which applies only to a suit brought against an officer or employee of the United States in his official capacity, does not provide venue in this case because only the claims against the defendants in their *individual* capacities remain. *See Stafford v. Briggs,* 444 U.S. 527, 544, 100 S.Ct. 774, 784, 63 L.Ed.2d 1 (1980); *Cameron v. Thornburgh,* 983 F.2d 253, 256 (D.C.Cir.1993) (Section "1391(e) applies only to suits against government officials in their official capacities, not to *Bivens* actions.").

The district court's dismissal for lack of venue, however, is premised on 28 U.S.C. § 1391(b). When this suit began on April 13, 1990, section 1391(b) provided: "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law." 28 U.S.C. § 1391(b) (1988). Because Roskens

and Wachtenheim do not reside in the District of Columbia, venue would lie here only if the "claim arose" here. Effective December 1, 1990,[7] section 1391(b) now reads:

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events of omissions giving rise to the claim occurred ..., or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b) (1990). At that time, this case was pending before the district court. The district court applied the 1988 version of the statute. In order to decide the merits of Moore's venue argument, we must first determine whether section 1391(b) as amended in 1990 applies.

The Supreme Court has established two lines of decisions addressing retroactivity. One line, as set out in *Bowen v. Georgetown Univ. Hosp.,* 488 U.S. 204, 208, 109 S.Ct. 468, 471, 102 L.Ed.2d 493 (1988), declares that "congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result." The other line declares that "a court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary." *Bradley v. Richmond School Board,* 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974). We have reconciled the two lines of cases as follows: "The *Bowen* presumption must apply in the case of changes in substantive law.... [T]he *Bradley* presumption of applicability of law as of the time of decision must pertain to 'remedial provision[s]—not substantive obligations or rights under a statute.'" *Gersman v. Group Health Ass'n,* 975 F.2d 886, 898–99 (D.C.Cir. 1992) (quoting *Johnson v. Uncle Ben's Inc.,* 965 F.2d 1363 (5th Cir.1992) (citing *Bennett*

---

6. Moore resides in the District of Columbia.

7. The 1990 amendment specified no effective date; it therefore went into effect on December 1, 1990.

*v. New Jersey,* 470 U.S. 632, 639, 105 S.Ct. 1555, 1559, 84 L.Ed.2d 572 (1985))); *see also In re Resolution Trust Corp.,* 888 F.2d 57, 58 (8th Cir.1989) ("If a case is still pending when the new statute is passed, new procedural or jurisdictional rules will usually be applied to it."); NORMAN J. SINGER, SUTHERLAND STATUTORY CONSTRUCTION § 41.04, at 349 (4th ed. 1986) ("[W]here a statute deals only with procedure, prima facie it applies to all actions—to those which have accrued or are pending, and to future actions.").

■ Section 1391(b) is a procedural rule; it does not alter substantive law. *See Denver & R.G.W.R.R. v. Brotherhood of R.R. Trainmen,* 387 U.S. 556, 563, 87 S.Ct. 1746, 1750, 18 L.Ed.2d 954 (1967) (applying the 1966 amendment to section 1391(b) because "[i]t is wholly procedural."). Nor does the application of the 1990 version here result in manifest injustice. Accordingly, we conclude that section 1391(b) as amended in 1990 applies. *See VDI Technologies v. Price,* 781 F.Supp. 85, 92–95 (D.N.H.1991); *Merchants Nat'l Bank v. Safrabank,* 776 F.Supp. 538, 540 (D.Kan.1991); *American Trade Partners, L.P. v. A–1 Int'l Importing Enters., Ltd.,* 757 F.Supp. 545, 557 n. 18 (E.D.Pa.1991). Because there are significant differences between the 1988 and 1990 versions of section 1391(b), we remand so that the district court may reconsider Moore's venue argument.

To sum up, we remand so that the district court, applying section 1391(b) as amended, can reconsider whether venue lies in this jurisdiction. If the district court concludes that venue does lie, it should then allow Moore to correct his service of process and to amend his complaint in order to comply with this circuit's heightened pleading standard.[8]

*It is so ordered.*

---

8. We note that the Supreme Court recently rejected a heightened pleading requirement as applied to an entity, not an individual, defendant.

*See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* —— U.S. ——, ——, 113 S.Ct. 1160, 1162, 122 L.Ed.2d 517 (1993).