Rita O. RIVERS, Plaintiff,

v.

Thomas MONTGOMERY, Federal Bureau of Investigation and Barry F. Laken, Federal Bureau of Investigation, Defendants.

Civ. A. No. 93–1351–SS.

United States District Court, District of Columbia.

Nov. 8, 1993.

Rita O. Rivers, pro se.

Daniel F. Van Horn, U.S. Attorney's Office, Washington, DC, for defendants.

## MEMORANDUM OPINION

SPORKIN, District Judge.

This matter is before the Court on Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The plaintiff brings this action under the Civil Rights Act of 42 U.S.C. § 1983 alleging violations of her Fourth Amendment rights. The defendants allege that the untimely filing of the plaintiff's complaint is an independent and adequate basis on which to dismiss this case. The Court finds that the plaintiff's claim is barred by the statute of limitations, therefore, defendants' motion to dismiss is granted.

I. *Statement of the Case*

On or about September 29, 1985, at approximately 7:20 a.m., the defendants executed an arrest warrant for Otis Witherspoon in the District of Columbia. The plaintiff, Rita Rivers, resides in the same apartment with

Mr. Witherspoon. From the inside of her apartment, Ms. Rivers observed the defendants arresting Mr. Witherspoon on the street below. She also witnessed the defendants place Mr. Witherspoon in the back of the car.

After completing the arrest, the defendants, with guns drawn, demanded entrance to Ms. Rivers' residence. Ms. Rivers alleges that the defendants lacked probable cause to enter her apartment without a warrant, and thereby violated her Fourth Amendment rights. Plaintiff claims that the defendants told her that they "were looking for something to born [sic] an investigation on a state, federal, and local level."

As a result of the alleged activities on September 29, 1985, Ms. Rivers filed a *pro se* complaint on May 24, 1993 seeking twenty thousand dollars in damages.

## II. *Discussion*

■ Where a federal statute does not provide a period of limitations for actions brought under 42 U.S.C. § 1983, a federal court must look to the limitations period applicable to the most analogous state cause of action. *Hobson v. Wilson*, 737 F.2d 1, 32 (D.C.Cir.1984). The Supreme Court stated in *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) that based on the legislative history of section 1983 and the wide variety of claims embraced by that provision, section 1983 "confer[s] a general remedy for injuries to personal rights." *Id.* at 280, 105 S.Ct. at 1949.

■ However, in states with multiple statutes of limitations for personal injury actions, courts considering section 1983 claims should borrow the general or residual statute for personal injury actions. *Owens v. Okure*, 488 U.S. 235, 249, 109 S.Ct. 573, 581, 102 L.Ed.2d 594 (1989). Therefore, the applicable statute in this instance is the District of Columbia's residual statute of limitations, D.C.Code § 12–301(8) (1981) which provides that "rights of action for which a limitation is not otherwise specifically prescribed is three years." Ms. Rivers did not file a complaint until May 28, 1993, nearly eight years after the events giving rise to the present action, consequently, Ms. Rivers complaint is untimely by nearly five years.

■ It is well settled that *pro se* litigants must be afforded more latitude to correct defects in pleadings and the service of process than litigants who are represented by counsel. *Moore v. Agency for Int'l Development*, 994 F.2d 874, 876 (D.C.Cir.1993). However, where any remedial steps that may be taken would be futile, the court need not exercise the permissive leave to amend pleadings filed *pro se*. *Id.* at 877. The plaintiff's untimely filing of the complaint is an independent and adequate basis to dismiss this case without regard to any other shortcomings in the manner in which the plaintiff asserted her claim. The Court finds that any attempt by plaintiff to remedy pleading defects would be futile. Accordingly, the Court grants defendants' Motion to Dismiss.

### *ORDER*

This matter is before the Court on defendants' Motion to Dismiss. This Court finds that plaintiff's claim is barred by the statute of limitations. Accordingly, for the reasons stated in the accompanying memorandum opinion, it is this 8th day of November, 1993:

ORDERED that the defendants' Motion to Dismiss is granted.