**Donald S. ENGEL, Plaintiff,**

v.

**CBS, INC., et al., Defendants.**

**No. CV–85–7198 JMI (JRx).**

United States District Court,
C.D. California.

May 18, 1995.

Mark D. Passin and Steven M. Fogelson of Engel & Engel, Los Angeles, CA, for plaintiff.

Wayne W. Smith and David A. Battaglia of Gibson, Dunn & Crutcher, Los Angeles, CA, for defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER ACTION FOR IMPROPER VENUE AND FOR CONVENIENCE

## ORDER TRANSFERRING ACTION TO SOUTHERN DISTRICT OF NEW YORK

IDEMAN, District Judge.

**IT IS HEREBY ORDERED:**

The above-entitled action was recently transferred to this Court's docket from the docket of the Honorable A. Wallace Tashima. *See* Order of Transfer, filed May 3, 1995. Upon reviewing the file in this matter, the Court has decided to revisit Judge Tashima's ruling denying defendants CBS, INC. (hereinafter "CBS"), MOSES & SINGER, and STANLEY ROTHENBERG's (hereinafter "Rothenberg") Motion to Transfer Action to the Southern District of New York for Improper Venue, or, in the Alternative, to Transfer for Convenience, filed September 17, 1993. *See* Minute Order, filed November 8, 1993. After such reconsideration, the Court hereby GRANTS defendants' motion and TRANSFERS this action to the United States District Court for the Southern District of New York.

### BACKGROUND

Plaintiff DONALD S. ENGEL (hereinafter "Engel"), a Los Angeles entertainment attorney licensed to practice in California and New York, has filed this malicious prosecution action against CBS, Moses & Singer, a New York law firm that represents CBS, and Rothenberg, a New York attorney and Moses & Singer partner. The action stems from an action for breach of contract, copyright infringement, and injunctive relief that CBS filed against Engel in the United States District Court for the Southern District of New York in 1984. In February 1985, the court granted summary judgment for Engel in that action.

Engel filed this action in 1985. The case was initially stayed until the conclusion of an action in the Southern District of New York involving Engel's client that was related to the 1984 action involving Engel. In 1991, after the stay had been lifted, Judge Tashima granted summary judgment for CBS. The Ninth Circuit reversed and remanded. *See Engel v. CBS, Inc.*, 981 F.2d 1076 (9th Cir. 1992). The court ruled that Judge Tashima should have applied New York law instead of California law. *Id.* at 1082. Moreover, the court ordered Engel to file a second amended complaint that stated a claim under New York law. *Id.* at 1083. In particular, the court advised that the second amended complaint should establish "heightened injury" as required by New York law. *Id.*

Engel and his firm, Engel & Engel, filed a second amended complaint on February 26, 1993. Defendants subsequently filed a motion to dismiss on March 22, 1993. In August 1993, Judge Tashima dismissed Engel & Engel as a plaintiff and dismissed the second cause of action for *prima facie* tort. *See* Order on Motion to Dismiss, entered August 4, 1993. Judge Tashima did not dismiss the malicious prosecution claim, however, because he found that Engel had stated a claim under New York law. *See* Order on Motion to Dismiss at 2.

Defendants filed answers to the second amended complaint in September 1993. Subsequently, they filed their motion to transfer the action to the Southern District of New York for improper venue and convenience. Defendants also filed a motion for leave to seek interlocutory appeal of the denial of their motion to dismiss. Judge Tashima denied both of these motions in November 1993. *See* Minute Order, filed November 8, 1993. At the time this case was transferred to this Court, Judge Tashima had not yet set a trial date but had scheduled a May 15, 1995 hearing on six motions in limine. In light of this Court's decision to transfer the case to the Southern District of New York, the Court hereby VACATES the hearing on these motions in limine.

### DISCUSSION

#### I. *Reconsideration of Venue Issues*

The Ninth Circuit has upheld a court's authority to *sua sponte* raise the issue of improper venue. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir.1986). Moreover, the Ninth Circuit has acknowledged "the long-

approved practice of permitting a court to transfer a case sua sponte under the doctrine of *forum non conveniens,* as codified at 28 U.S.C. § 1404(a), so long as the parties are first given the opportunity to present their views on the issue." *Id.* The Court is in receipt of the parties' 1993 motion to transfer, opposition, and reply, in which the parties fully briefed the venue issues. Moreover, the Court notes that as recently as June 1994, defendants raised these same venue issues. *See* Defendants' Contentions of Law and Fact Pursuant to Local Rule 9, ¶ 3. Thus, the Court has considered the parties' viewpoints and is justified in *sua sponte* revisiting Judge Tashima's ruling.

## II. *Improper Venue*

### A. *Waiver of Venue Challenge*

Pursuant to 28 U.S.C. § 1406(a), if a district court determines that venue is improper, it may "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." In their motion, defendants contend that venue in California is improper and seek to have this case transferred to the Southern District of New York. Plaintiff responds that defendants' motion to transfer is untimely and that defendants have waived their right to challenge this case's venue.

Federal Rule of Civil Procedure 12(h)(1) provides, in pertinent part, that "[a] defense of ... improper venue ... is waived (A) if omitted from a motion in the circumstances described in [Federal Rule of Civil Procedure 12(g) ]." Rule 12(g) provides, in pertinent part, that "[i]f a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted." Engel points out that defendants did not raise a venue challenge in the motion to dismiss that they filed in March 1993, although defendants attempted to preserve their venue challenge in their answers. *See* Answer of CBS Inc. to the Second Amended Complaint for Malicious Prosecution (hereinafter "CBS' Answer"), ¶¶ 37, 38; Answer of Moses & Singer and Stanley Rothenberg to the Second Amended Complaint for Malicious Prosecution (hereinafter "Moses & Singer and Rothenberg's Answer"), ¶¶ 37, 38. Nevertheless, plaintiff contends that defendants waived their right to challenge venue by omitting a challenge from their motion to dismiss.

Defendants cannot be faulted for not having raised a defense that they did not know was available to them, however. In *Holzsager v. Valley Hospital,* 646 F.2d 792, 796 (2d Cir.1981), the court held that "a party cannot be deemed to have waived objections or defenses which were not known to be available at the time they could first have been made, especially when it does raise the objections as soon as their cognizability is made apparent."

As discussed in more detail below, the issue of improper venue in this case revolves around the 1990 and 1992 amendments to the venue statute, 28 U.S.C. § 1391(a). Under the current statute, venue is not proper in the district where all plaintiffs reside, as it was when Engel filed this case in 1985. If the amended statute applies to this case, then venue is not proper in California on the basis that Engel is a resident of California. Thus, the Court must determine whether the amended statute applies retroactively. If the amended statute does apply retroactively, the Court must determine when defendants should have been aware of this application. If their awareness should be traced to a period prior to the filing of their motion to dismiss, then the Court may find that defendants should have raised the issue of improper venue in that motion. Because they did not, the Court could find that defendants waived their right to challenge venue. On the other hand, if the Court finds that defendants should not have been aware of this application until after they filed their motion to dismiss, then the Court may find, as the *Holzsager* court did, that "[t]he clairvoyance demanded by [defendants] ... is inconsistent with the doctrine of waiver." *Holzsager,* 646 F.2d at 796. Defendants would not have waived their right to challenge venue. Therefore, the Court will now address the retroactivity of the amendments.

### B. Retroactivity of Venue Amendments

The D.C. Circuit has held that the venue amendments should be applied retroactively. *See Moore v. Agency for Int'l Development,* 994 F.2d 874 (D.C.Cir.1993). In *Moore,* the court distinguished between two lines of decisions addressing retroactivity. The line of cases following from *Bowen v. Georgetown Univ. Hosp.,* 488 U.S. 204, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988), holds that changes in substantive law should not be applied retroactively. In contrast, the line of cases following from *Bradley v. Richmond School Bd.,* 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974), holds that changes in procedural law should be applied retroactively. *See Moore,* 994 F.2d at 878. Because the venue statute is a procedural statute, the court applied the *Bradley* line of cases and found that the venue amendments apply retroactively. *Id.* at 879.

■ Similarly, in this case, the Court finds that the amended venue statute applies retroactively. Although the *Bradley* line of cases holds that changes to a procedural law should not be applied retroactively if a "manifest injustice" results, *see Bradley,* 416 U.S. at 711, 94 S.Ct. at 2016, the Court finds that no manifest injustice would result from applying the amended statute in this case. As discussed in more detail below, the amended statute provides plaintiff with an acceptable and appropriate forum for this litigation.

■ Plaintiff cites *Paradis v. Dooley,* 774 F.Supp. 79 (D.R.I.1991), to support its contention that the venue amendments should not be applied retroactively. In that case, the court cursorily rejected an argument to apply the amended venue statute retroactively. *Id.* at 81. The court did not discuss the two lines of retroactivity cases. Moreover, the court found that venue would be proper in Rhode Island under both the old venue statute and the amended venue statute. *Id.* Based on the court's lack of analysis, this Court finds that *Moore*'s approach to the retroactive application of the amended statute is more well-reasoned, and thus, more persuasive. Therefore, the Court finds that the amended statute applies retroactively.

The Court must now determine when defendants should have been aware of the retroactive application of the amended statute. *Moore* was decided June 15, 1993. *Moore,* 994 F.2d at 874. Defendants' motion to dismiss was filed in March 1993. Thus, at the time defendants filed their motion to dismiss, they did not have the *Moore* case to rely upon to challenge this case's venue in California.

Plaintiff points out, however, that there were three district court opinions issued prior to *Moore* that reached the same conclusion as to the retroactivity of the amended statute. These cases were cited in *Moore, see id.* at 879, and include *VDI Technologies v. Price,* 781 F.Supp. 85, 92–95 (D.N.H.1991), *Merchants Nat'l Bank v. Safrabank,* 776 F.Supp. 538, 540 (D.Kan.1991), and *L.P. v. A–1 Int'l Importing Enters., Ltd.,* 757 F.Supp. 545, 557 n. 18 (E.D.Pa.1991). The Court is not willing to hold that these three district court opinions should have made defendants aware of the retroactive application of the amended statute. While persuasive, these non-Ninth Circuit district court opinions were not binding on defendants, and they were contradicted by cases such as *Paradis* where the court rejected the retroactive application of the amended statute. *Moore* was the first Circuit opinion to uphold the retroactive application. Even though D.C. Circuit case law is not binding on courts in this Circuit, it is more persuasive than three random district court opinions. Therefore, the Court finds that the *Moore* opinion was the first opinion to put defendants on notice of the retroactive application of the amended venue statute. Defendants did not waive their right to challenge this case's venue in California. Their motion to transfer was instead timely filed.

### C. Proper Venue in New York

■ The Court may now consider the merits of the venue challenge. The Court finds that venue in California is improper, and therefore, that the Court may transfer the action to the Southern District of New York.

When this action was filed in 1985, the venue statute provided that venue in a diver-

sity case was proper "where all plaintiffs or all defendants reside, or in which the claim arose." 28 U.S.C. § 1391(a) (1976). Because Engel resides in California, venue was proper in California at that time. In 1990 and 1992, however, the statute was amended, and the provision for venue in a district where all plaintiffs reside was removed from the statute. The statute currently provides, in pertinent part, that venue in a diversity case is proper "in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, ... or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a).

The amended statute establishes that venue is proper in New York, not California. CBS, Moses & Singer, and Rothenberg all reside in New York. *See* Second Amended Complaint for Malicious Prosecution and *Prima Facie* Tort and Demand for Jury Trial (hereinafter "Second Amended Complaint"), ¶¶ 4, 5, 6; CBS' Answer, ¶ 4; Moses & Singer and Rothenberg's Answer, ¶¶ 5, 6. More specifically, they all reside in the Southern District of New York, and thus, venue in the Southern District of New York is proper pursuant to 28 U.S.C. § 1391(a)(1). Even under the old statute, venue was proper in the Southern District of New York.

Venue in the Southern District of New York is also proper pursuant to 28 U.S.C. § 1391(a)(2). CBS pursued the underlying action upon which this malicious prosecution is based in the Southern District of New York. Moreover, as the Ninth Circuit noted, the contract with CBS at issue in that litigation was a New York contract governed by New York law. Engel is licensed to practice in New York and represented another defendant in the underlying New York action. *See* Declaration of Donald S. Engel in Support of Memorandum of Points and Authorities in Opposition to Defendants' Motion to Transfer to the Southern District of New York for Improper Venue, or, to Transfer for Convenience (hereinafter "Engel Declaration"), ¶ 2.

Thus, venue in the Southern District of New York also satisfies the requirements of 28 U.S.C. § 1391(a)(2). Because the Court has found venue to be proper in that district, it is unnecessary to analyze venue in that district pursuant to 28 U.S.C. § 1391(a)(3). The Court recognizes, however, that defendants are all subject to personal jurisdiction in the Southern District of New York, thereby rendering venue proper under that provision of the statute.

Plaintiff argues that venue is also proper in California pursuant to 28 U.S.C. § 1391(a)(2). According to plaintiff, CBS initiated the underlying action in New York because plaintiff was involved in contract negotiations with other record companies out of his office in California. Moreover, Engel, in pleading "heightened injury," has alleged that the New York lawsuit injured his California personal and property rights. *See* Second Amended Complaint, ¶¶ 27, 28. The Court does not find, however, that Engel's California contract negotiations and his alleged heightened injury constitute "a substantial part of the events or omissions giving rise to the claim." 28 U.S.C. § 1391(a)(2). The events giving rise to the claim for malicious prosecution involve the filing and handling of the New York lawsuit, a series of events occurring solely in New York. Thus, the Court finds that venue in California is not proper pursuant to 28 U.S.C. § 1391(a)(2). Therefore, the Court may transfer this action to the Southern District of New York pursuant to 28 U.S.C. § 1406(a).

III. *Forum Non Conveniens*

The Court may also transfer this action to the Southern District of New York pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Court has already found that this action could have been brought in the Southern District of New York.

There is no question that venue in the Southern District of New York is more con-

venient for defendants. The three defendants reside in New York, and defendants have alleged that most of their witnesses reside in New York. The underlying lawsuit, which this Court has already found is the substantial event giving rise to the claim, occurred in New York. Moreover, the Ninth Circuit has ruled that New York law governs this action. The United States Supreme Court has held that "[t]here is an appropriateness . . . in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems . . . in law foreign to itself." *Van Dusen v. Barrack*, 376 U.S. 612, 645, 84 S.Ct. 805, 824, 11 L.Ed.2d 945 (1964) (citation omitted). Thus, a court in New York is in a considerably better position to handle this case, particularly because "heightened injury," a legally complex issue of New York law, is involved.

From plaintiff's perspective, New York is not an inconvenient forum. Engel is licensed to practice in New York and maintains an office there. *See* Engel Declaration, ¶¶ 2, 4. As is evident from the underlying facts of this case, Engel has considerable experience litigating in New York and is no stranger to the Southern District of New York. Moreover, plaintiff has failed to demonstrate that the majority of his witnesses reside in California nor that the transfer of relevant documents from California to New York would be unduly burdensome. Although this case was filed ten years ago in California, it was stayed for several years and only seriously became active in 1991. Moreover, the Ninth Circuit did not rule that New York law applied until 1993. Thus, the arguments in favor of transferring the case to New York became significantly stronger only in the last two years, and defendants should not be penalized for having brought a motion to transfer at this stage of the proceedings.

This case does not have strong roots in California, and the Court finds that New York provides a more convenient forum for this litigation. Therefore, the Court transfers this case to the Southern District of New York pursuant to 28 U.S.C. § 1404(a) as well.

## IV. *Conclusion*

The Court grants defendants' motion to transfer venue. Pursuant to both 28 U.S.C. § 1406(a) and 28 U.S.C. § 1404(a), the Court finds that venue is proper in New York, not California. Therefore, the Court hereby transfers this action for all further proceedings to the United States District Court for the Southern District of New York.

**IT IS SO ORDERED.**