Thomas STEPHENSON, Plaintiff,

v.

Robert E. LANGSTON et al., Defendants.

Civ.A. No. 00–1921(RMU).

United States District Court, District of Columbia.

Nov. 20, 2001.

David Ebenezer George, Brookeville, MD, for plaintiff.

Brian J. Sonfield, U.S. Attorney's Office, Washington, DC, for defendants.

### *MEMORANDUM OPINION*

URBINA, District Judge.

GRANTING THE PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT; DENYING WITHOUT PREJUDICE THE DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

## I. INTRODUCTION

This matter comes before the court on the defendants' motion to dismiss or, in the alternative, for summary judgment and the plaintiff's cross-motion for leave to amend the complaint.[1] For the reasons that follow, the court will grant the plaintiff's motion for leave to amend the complaint.

## II. BACKGROUND

In this case, the plaintiff filed a complaint *pro se* on August 9, 2000. A counsel retained by the plaintiff filed an appearance on October 12, 2000. After numerous motions to extend time by both the defendants and the plaintiff, who indicated an intent to amend the complaint but then withdrew this intent, the defendants filed a motion to dismiss or, in the alternative, for summary judgment (instead of an answer) on April 2, 2001. On July 18, 2001, the plaintiff, no longer *pro se*, filed a response conceding that the plaintiff's

---

1. The plaintiff styles his proposed new complaint as a second amended complaint. *See* Second Am.Compl. However, as the plaintiff never filed a first amended complaint, this is the plaintiff's first attempt to amend the complaint. *See* Docket; Defs.' Reply n. 2.

common-law claims should be dismissed, and filed a cross-motion for leave to amend his complaint. On August 1, 2001, the defendants filed a reply and an opposition to the plaintiff's cross-motion, arguing that the court should not permit the filing of the amended complaint because the amended complaint would be futile.

## II. ANALYSIS

### A. Legal Standard for *First* Motion for Leave to Amend the Complaint

■ Under Federal Rule of Civil Procedure 15, a party may file a motion for leave to amend a complaint in conjunction with a proposed amendment or new pleading. *See* FED.R.CIV.P. 15(a). In cases where responsive pleadings are permitted, parties can amend complaints "once as a matter of course" so long as the opposing party has not yet served a responsive pleading and the court has not ruled on a motion to dismiss. *See id.; Government of Guam v. American President Lines,* 28 F.3d 142, 150 (D.C.Cir. 1994). A motion to dismiss is generally not considered to be a "responsive pleading" under Rule 15(a). *See id.*

■ A court may deny a motion to amend a complaint as futile when the proposed complaint would not survive a motion to dismiss. *See James Madison Ltd. v. Ludwig,* 82 F.3d 1085, 1099 (D.C.Cir.1996) (internal citations omitted). When a court denies a motion to amend a complaint, the court must base its ruling on a valid ground and provide an explanation. *See id.* "An amendment is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss." 3 Moore's Federal Practice § 15.15[3] (3d ed.2000).

### B. Legal Standard for a *Pro Se* Litigant's Motion to Amend a Complaint

■ The plaintiff in this case filed his original complaint *pro se.* As such, the court considers that "[p]ro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings." *Moore v. Agency for Int'l Dev.,* 994 F.2d 874, 876 (citing *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). *But see Price v. Phoenix Home Life Ins. Co.,* 44 F.Supp.2d 28, 33 (D.D.C.) (Urbina, J.) ("amending the complaint would be futile because the plaintiff's proposed amendments would not correct the deficiency in the original complaint (lack of subject matter jurisdiction)"). While district courts need not provide detailed guidance to *pro se* litigants, the courts should provide minimal notice of the consequences of not complying with procedural rules. *See Moore* 994 F.2d at 876. While *pro se* plaintiffs may receive some assistance from district courts, they must still follow the Federal Rules of Civil Procedure. *See id.*

### C. The Court Grants the Plaintiff's Motion for Leave to File an Amended Complaint

■ The defendant argues that the court should deny the plaintiff's cross-motion on the ground that the amended complaint would be futile. Because the plaintiff's original complaint was filed *pro se,* and the plaintiff now has counsel, the amended complaint would be the plaintiff's first complaint submitted by counsel rather than by a *pro se* plaintiff. In light of this fact, the court gives the plaintiff extra latitude and determines that the futility argument lacks fairness.

■ Setting aside the futility argument, the plaintiff can amend his complaint this first time "as a matter of course." *See* FED. R.CIV.P. 15(a). This rule applies here because the plaintiff's motion represents his first request to amend the complaint, the court has not ruled on the defendants' motion to dismiss or, in the alternative, for summary judgment, and the defendants have not served a responsive pleading. Accordingly, the court grants the plaintiff's cross-motion for leave to amend his complaint.

## IV. CONCLUSION

For all these reasons, the court denies without prejudice the defendants' motion to dismiss or, in the alternative, for summary judgment and grants the plaintiff's cross-

**24**

motion for leave to amend the complaint. An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this 19th day of November, 2001.