**John BAX, Plaintiff,**

v.

**EXECUTIVE OFFICE FOR U.S. ATTORNEYS, Defendant.**

Civil Action No. 02–1983 (RMU). Document No. 2.

United States District Court, District of Columbia.

June 12, 2003.

John Bax, White Deer, PA, pro se.

## ORDER

URBINA, District Judge.

### DENYING THE PLAINTIFF'S MOTION FOR SERVICE BY THE UNITED STATES MARSHAL

This matter comes before the court on the *pro se* plaintiff's motion for service of the summons and complaint on the defendant by the United States Marshal.

Under Federal Rule of Civil Procedure 4(c)(2), "[s]ervice may be effected by any person who is not a party and who is at least 18 years of age." FED.R.CIV.P. 4(c)(2). At a plaintiff's request, however, the court may direct that service be effected by a United States Marshal, a Deputy United States Marshal, or an officer specially appointed for that purpose. *Id.* If the plaintiff is proceeding *in forma pauperis* or as a seaman, service by the United States Marshal is mandatory. *Id.* If the plaintiff is not proceeding *in forma pauperis* or as a seaman, the decision falls within the discretion of the court. *Id.*

In exercising this discretion, courts have been mindful that Congress amended Rule 4 "primarily to relieve United States marshals of the burden of serving summonses and complaints in private civil actions." *Lovelace v. Acme Mkts., Inc.*, 820 F.2d 81, 83 (3d Cir.1987) (quoting 128 CONG. REC. H9848–49 (daily ed. Dec. 15, 1982)); *see also Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir.1991) (noting that the legislative history of Rule 4 shows congressional intent "to relieve the marshal of the duty of routine[ ] servi[ce]" in private civil actions). Accordingly, courts have held that a plaintiff requesting service by the United States Marshal first must attempt service by some other means authorized by Rule 4. *E.g., Jones v. Goodman*, 1992 WL 185634, at *1 (E.D.Pa. July 20, 1992); *see also* 4A FED. PRAC. & PROC. CIV.3D § 1090.

In this case, the plaintiff, who is not proceeding *in forma pauperis* or as a seaman, has not attempted service by other means, such as service by registered or certified mail

under Rule 4(i). The court therefore denies the plaintiff's motion. FED.R.CIV.P. 4(c)(2). Because *pro se* litigants are "allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings," however, the court grants the plaintiff an extension of time to perfect service. *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C.Cir.1993). If the plaintiff demonstrates to the court's satisfaction that he is unable to serve the defendant with the complaint and summons through other authorized means, the plaintiff may re-file his motion for service by the United States Marshal. *E.g.*, *Jones*, 1992 WL 185634, at *1.

Accordingly, it is this 12th day of June, 2003,

**ORDERED** that the plaintiff's motion for service of the summons and complaint on the defendant by the United States marshal is **DENIED** without prejudice; and it is

**FURTHER ORDERED** that the plaintiff, if he so chooses, may perfect service of process no later than July 15, 2003. If the plaintiff fails to perfect service by that date, the court will dismiss the plaintiff's complaint.

**SO ORDERED.**