# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| ) | |
| SEAN E. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-cv-00170 (APM) |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| TRANSPORTATION, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## MEMORANDUM OPINION

This matter comes before the court on review of Plaintiff Sean E. Johnson's Complaint. Plaintiff proceeds pro se. The court dismisses Plaintiff's Complaint sua sponte for failure to comply with the Federal Rules of Civil Procedure.

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement" of the basis for the court's jurisdiction; "a short and plain statement" of the pleader's claim, showing she or he is entitled to relief; and a demand for relief. *See* Fed. R. Civ. P. 8(a). The purpose of this minimum pleading standard is to give fair notice to the defendant of the claims being asserted, such that the defendant can prepare a responsive answer and adequate defense, as well as determine whether the doctrine of res judicata applies. *Butler v. Cal. St. Disbursement Unit*, 990 F. Supp. 2d 8, 9 (D.D.C. 2013). Pleadings filed by pro se litigants are held to less stringent standards than those filed by lawyers, but all litigants must comply with the Federal Rules of Civil Procedure. *See Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993).

The court has reviewed Plaintiff's Complaint and concludes it falls short of satisfying Rule 8's basic requirements. The entire Complaint consists of one sentence: "I, Sean E. Johnson, am suing the U.S. Department of Transportation for Employment Discrimination, QI Security Service on the bases of wrongful termination and breach of contract, and I am suing Concentra Health Care/Service for medical malpractice." *See* Notice of Removal, ECF No. 1, Sup. Ct. Docs. (Summons & Compl.), ECF No. 1-1, at 3. These conclusory allegations do not provide any Defendant with adequate notice of the basis for the claim against it. The Complaint does not convey what type of discrimination Plaintiff allegedly suffered—e.g., race, gender, retaliation—at the hands of Defendant Department of Transportation. Similarly, it neither states the nature of the relationship between Plaintiff and Defendants QI Security Service and Concentra Health Care/Service, nor conveys what actions caused the alleged wrongful termination and medical malpractice. Although Plaintiff seeks relief in the amount of $1,188,847.70, the Complaint conveys no basis for that request. *See id.*

In short, Plaintiff's Complaint neither contains a "short and plain statement" of the court's jurisdiction and material facts, nor conveys the nature of the dispute. Therefore, as drafted, the Complaint fails to meet the standard set forth in Rule 8(a) and must be dismissed. *See* Fed. R. Civ. P. 8(a).

An Order consistent with this Memorandum Opinion is issued separately.

Date: January 30, 2017

Amit P. Mehta
United States District Judge