**Edwin MARRERO, Appellant**

v.

**State of ILLINOIS, et al., Appellees**

**No. 17-5081**
**September Term, 2017**

United States Court of Appeals,
District of Columbia Circuit.

Filed On: February 5, 2018

Edwin Marrero, Pro Se

Warden (Greenville FCI), Federal Correctional Institution, Greenville FCI, Greenville, IL, for Plaintiff-Appellant

R. Craig Lawrence, U.S. Attorney's Office, (USA) Civil Division, Washington, DC, for Defendant-Appellee

BEFORE: Srinivasan, Pillard, and Wilkins, Circuit Judges

## JUDGMENT

Per Curiam

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief and appendix filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing, it is

**ORDERED AND ADJUDGED** that the district court's orders filed January 11, 2017, and April 14, 2017, be affirmed. Seeking relief under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and 42 U.S.C. § 1983, appellant's complaint asserts that the individuals who investigated and prosecuted him fabricated evidence. Because success in this "damages action would implicitly question the validity of conviction or duration of sentence," Muhammad v. Close, 540 U.S. 749, 751, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004), the district court properly dismissed these claims pursuant to Heck v. Humphrey, 512 U.S. 477, 486, n.6, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); see also Skinner v. U.S. Dep't of Justice, 584 F.3d 1093, 1099 (D.C. Cir. 2009). Additionally, appellant has not shown that he must be permitted an opportunity to amend his complaint before the district court dismisses it with prejudice for failure to state a claim, see 28 U.S.C. § 1915A (providing that the "court shall review, before docketing, if feasible ... a complaint" and "dismiss the complaint ... if the complaint ... fails to state a claim upon which relief may be granted"), or that amendment of his complaint would not have been futile, cf. Moore v. Agency for Int'l Dev., 994 F.2d 874, 877-78 (D.C. Cir. 1993).

Finally, appellant has not shown that the district court abused its discretion in denying his motion pursuant to Fed. R. Civ. P. 59(e). See Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.