## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JOHN P. THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | )     **Case No. 23-cv-00284 (APM)** |
| CAPITAL CENTER, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

### I.

Plaintiff John P. Thomas, proceeding *pro se*, brings the instant action against Defendant Capital Center, LLC, alleging that Defendant violated his rights under 12 C.F.R. § 1002.7(a) by refusing to grant him an extension of credit. He seeks $25,000 for financial and emotional distress. Plaintiff filed his complaint in the Superior Court of the District of Columbia, and Defendant removed it to this court pursuant to 28 U.S.C. § 1441(a).

Defendant now moves to dismiss for failure to state a claim upon which relief can be granted. Def.'s Mot. to Dismiss, ECF No. 6 [hereinafter Def.'s Mot.]. Plaintiff has not opposed Defendant's motion. For the reasons that follow, the motion is granted.

### II.

A motion to dismiss for failure to state a claim "tests the legal sufficiency of a claim." *Sickle v. Torres Advanced Enter. Sols., LLC*, 884 F.3d 338, 344 (D.C. Cir. 2018); *see* FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient facts, if accepted as true, that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is "plausible" if a plaintiff pleads facts which

"allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The court must accept the plaintiff's factual allegations as true and must grant plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). However, the court "need not accept inferences drawn by plaintiff if those inferences are not supported by the facts set out in the complaint, nor must the court accept legal conclusions cast as factual allegations." *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (per curiam).

*Pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers," so long as they contain "factual matter" that allows the court to "infer more than the mere possibility of misconduct." *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 (1957)). The court may "consider supplemental material filed by a *pro se* litigant in order to clarify the precise claims being urged," but the court is not required to "fish" for plausible claims. *Greenhill v. Spellings*, 482 F.3d 569, 572–73 (D.C. Cir. 2007). The latitude provided to *pro se* litigants "does not constitute a license for a plaintiff filing *pro se* to ignore the Federal Rules of Civil Procedure." *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993).

### III.

Plaintiff alleges that Defendant violated his rights under 12 C.F.R. § 1002.7(a) by "refusing to grant [him] an extension of credit," and claims that "[a]ny creditor who fail[s] to comply with a requirement imposed by this Act or this part is subjected to civil liability for actual damages." Compl., ECF No. 1, at 1. The regulation under which Plaintiff seeks relief states that "[a] creditor shall not refuse to grant an individual account to a creditworthy applicant on the basis of sex, marital status, or any other prohibited basis." 12 C.F.R. § 1002.7(a) (2011). Defendant interprets

Plaintiff to be "substantively alleging [a] violation of the Equal Credit Opportunity Act," Def.'s Mot. at 2, which makes it unlawful for "any creditor to discriminate against any applicant . . . on the basis of race, color, religion, national origin, sex or marital status, or age," 15 U.S.C. § 1691(a)(1). Defendant contends that "the complaint should be dismissed because it fails to state a viable claim upon which relief can be granted" by not making any "allegations of fact." Def.'s Mot. at 3.

The court agrees. Plaintiff's claim fails because he does not allege *any* facts that might enable the court to infer that he was denied an extension of credit for a prohibited reason. Indeed, he does not even identify whether he claims discrimination based on his sex, marital status, or any other prohibited basis. *See* Compl. Because the complaint is framed as a bald legal conclusion, it does not meet even the liberal pleading standard for *pro se* litigants. *See Ashcroft*, 556 U.S. at 678 (satisfying Rule 8(a)'s "short and plain statement" standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

**IV.**

For the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 6, is granted. Unless Plaintiff seeks leave to file an amended complaint within 30 days, the court will enter a final, appealable order.

Dated: June 7, 2023

Amit P. Mehta
United States District Court Judge