John F. CRANE, Plaintiff,

v.

Richard BATTELLE, et al., Defendants.

Civ. No. 88–1608–G(BTM).

United States District Court,
S.D. California.

Aug. 4, 1989.

John F. Crane, San Diego, Cal., for plaintiff.

Marilyn L. Huff, Richard L. Cupp, Jr., Gray, Cary, Ames & Frye, Anton C. Gerschler, Michael Neil, Neil, Dymott, Perkins, Brown & Frank, San Diego, Cal., for defendants.

## MEMORANDUM DECISION AND ORDER

GILLIAM, District Judge.

The defendants' motions to dismiss and quash service of summons were scheduled for hearing on June 26, 1989, in Courtroom 7 before the Honorable Earl B. Gilliam. The parties waived oral argument and continued plaintiff's motion for a permanent injunction until October 16, 1989. Plaintiff, John Crane, appeared *in propria persona.* Marilyn Huff and Richard Cupp appeared for defendant Larry Buche; Anton Gerschler and Michael Neil appeared for defendant Colin Lennard. Upon considering the pleadings and memoranda of points and authorities, the court issues this memorandum decision and order granting defendant Buche's motion to dismiss and denying defendant Lennard's motion to quash service.

### FACTS

Plaintiff filed his original complaint on October 13, 1988. Plaintiff asserts therein that he has property interests in the "Rife Frequency Generator" and a book entitled *Polarity Research Manual.* Plaintiff alleges copyright infringement, patent infringement, unfair competition and antitrust violations. Previously defendant Buche specially appeared before the court on March 13, 1989, to move to dismiss due to lack of personal jurisdiction, improper venue, and improper service of process. The court thereafter issued an order denying defendant Buche's motion to dismiss without prejudice, granting plaintiff's petition to proceed *in forma pauperis,* and allowing plaintiff forty-five (45) days from that date to re-serve his complaint. Plaintiff, through the United States Marshal, re-served the summons and the First Amended Complaint within the prescribed period. Subsequently, on May 26, 1989, defendant Lennard moved to quash service of summons. On May 30, 1989, defendant Buche renewed his previous motion to dismiss.

### DISCUSSION

Defendant Buche requests this court to dismiss the complaint against him because he contends the court lacks personal jurisdiction over him. A court must have personal jurisdiction over a defendant's person or property to entertain a suit against a defendant. Plaintiff, as the person seeking to invoke the jurisdiction of the court, has the burden of establishing that jurisdiction exists. *Data Disc, Inc. v. Systems Tech. Associates, Inc.,* 557 F.2d 1280 (9th Cir.1977).

In determining whether personal jurisdiction exists over an out-of-state defendant, a district court undertakes a two-step analysis: 1) application of the long-arm statute of the state in which the district court sits, and 2) consideration of whether the application of the statute is consistent with the Due Process Clause. *Taubler v. Giraud,* 655 F.2d 991, 993 (9th Cir.1981). The California long-arm statute, as codified at Cal.Civ.Proc.Code sec. 410.10, allows for jurisdiction "to the outer limits" of due process. *Republic Int'l Corp. v. Amco Engineers, Inc.,* 516 F.2d 161, 166–67 (9th Cir.1975). Therefore, this court need only consider the standards that govern due process analysis as set forth by the Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and its progeny.

Due process requires a nonresident defendant to have certain "minimum contacts" with the forum state so that the maintenance of a suit does not offend "traditional notions of fair play and substantial justice." *Ibid.* at 316, 66 S.Ct. at 158. In *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980), the court focused due process analysis further by holding that the issue is whether the defendant could reasonably have foreseen being "haled into court [in the distant forum]" given the totality of the circumstances. Thus, due process analysis centers on the defendant, rather than the plaintiff although plaintiff bears the burden of proof.

Plaintiff has not submitted any affidavits to establish that defendant Buche has the requisite minimum contacts with the State of California. On the contrary,

defendant Buche, in his declaration dated May 30, 1989, attests that he is a resident of Idaho and does not own, rent or possess any personal or real property in California. Defendant Buche also avers therein that he does not conduct any personal business in California but only visits the state infrequently on behalf of a corporation which is not named or involved in this suit. Finally, defendant Buche attests he has no registered agent for service of process in California. Based upon these facts, the court finds that it lacks personal jurisdiction over defendant Buche and, therefore, grants defendant Buche's motion to dismiss.

A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Federal Rule of Civil Procedure 4. *Jackson v. Hayakawa,* 682 F.2d 1344, 1347 (9th Cir.1982); *See* Federal Rules of Civil Procedure Amendments Act of 1982, Pub.L. 97–462 sec. 2 *reprinted in* 1982 U.S.Code Cong. & Ad.News (96 Stat.) 2527, 2527–28. Rule 4 is a flexible rule which is liberally construed to uphold service as long as defendant receives sufficient notice of the complaint. *United Food & Commercial Workers Union, Locals 197 et al. v. Alpha Beta Co.,* 736 F.2d 1371, 1382 (9th Cir. 1984).

■ Defendant Lennard challenged the court's assertion of personal jurisdiction over him when he moved to quash plaintiff's service of process. Defendant Lennard should have challenged the sufficiency of service by a motion to dismiss under Rule 12(b) instead of proceeding according to the state procedure which calls for a "motion to quash service of summons." *See* Cal.Civ.Proc.Code sec. 418.10(a)(1). The court assumes defendant Lennard objects on the basis of defects in the form of the summons under Rule 12(b)(4) and to defects in the manner of service under Rule 12(b)(5).

■ Defects in the form of summons are considered technical and a dismissal is not proper unless the party can demonstrate actual prejudice. *Ibid.* Generally, the form of the summons is challenged under Rule 12(b)(4) on the theory that the summons does not properly contain the names of the parties. In such cases, defects in the summons are cured by amendment according to Rule 4(h). The court may order the amended summons served on defendant's attorney to avoid the necessity of re-serving the defendant personally. *Great Plains Crop Management, Inc. v. Tryco Mfg. Co.,* 554 F.Supp. 1025, 1028 (D.Mont.1983).

■ Defendant Lennard contends that his name appears erroneously on the summons and in the caption of the complaint as "Leonard Colin" instead of "Colin Lennard." The court finds this defect to be merely a technical flaw which does not prejudice defendant Lennard's rights. Thus, the court denies defendant Lennard's motion to quash service based on Rule 12(b)(4), and the court orders an amended summons to be served on defendant Lennard's attorney.

Defendant Lennard also challenges the manner of service under Rule 12(b)(5) because of plaintiff's failure to comply with the procedural requirements of Rule 4(c)(2)(B) and 4(c)(2)(C). Rule 4(c)(2)(B) permits an exception to the general rules of service for a person proceeding *in forma pauperis* and provides for service by a United States Marshal. Such service on a defendant outside California may be made by following the procedure of the forum state, according to Rule 4(c)(2)(C)(i) referring to Cal.Civ.Proc.Code sec. 415.30, or by mail with return acknowledgement, according to Rule 4(c)(2)(C)(ii).

Both Rule 4(c)(2)(C)(ii) and Cal.Civ.Proc. Code sec. 415.30 require service to include the summons, the complaint, two copies of the notice and acknowledgement along with a return envelope postage prepaid.

■ As with motions challenging the form of summons, the provisions of Rule 4 outlining the manner of service are construed liberally to uphold service. Even with actual notice, however, there must be "substantial compliance" with Rule 4 requirements. *Jackson v. Hayakawa,* 682 F.2d at 1347. In exercising its discretion under Rule 4 a court may consider whether

the plaintiff's error resulted from innocent mistake or inexcusable neglect. *Gianna Enterprises v. Miss World (Jersey) Ltd.,* 551 F.Supp. 1348, 1359 (S.D.N.Y.1982). In *Hawkins v. Dept. of Mental Health,* 89 F.R.D. 127 (W.D.Mich.1981), a court held that quashing service of process would result in an unjust delay of the proceedings when the defendant could not seriously contend that there was prejudice to some substantial right of defendant. This court finds that plaintiff is in substantial compliance with Rule 4 and his mistake regarding the manner of service was innocent. The court also finds that defendant Lennard was not prejudiced by plaintiff's error but received sufficient notice. Therefore, the court denies defendant Lennard's motion to quash service under Rule 12(b)(5).

### ORDER

1. Defendant Buche's motion to dismiss for lack of jurisdiction is granted; and

. . . . .

. . . . .

2. Defendant Lennard's motion to quash service of summons is denied.

IT IS SO ORDERED.