# 96 DTA 74

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE PONCE Y AIBONITO
## PANEL I

CANDIDO ANAYA AMALBERT
Apelante

v.

NILDA E. LUCCA OLIVERA
Apelado

Núm. KLAN-95-00643

San Juan, Puerto Rico, a 5 de febrero de 1996

Panel integrado por su presidente, Juez Sánchez Martínez
y los Jueces Córdova Arone y Segarra Olivero

Segarra Olivero, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El 12 de diciembre de 1994 la apelada Nilda E. Lucca Olivera radicó acción de divorcio contra el apelante Cándido Anaya Amalbert, ante el Tribunal de Primera Instancia, Sala Superior de Ponce. En el epígrafe tanto del emplazamiento expedido como de la demanda figuraba el nombre de la demandante como *"Mirta"*. El 27 de enero de 1995 el entonces demandado y ahora apelante radicó una Moción de Desestimación en la cual alega *"que el demandado nunca nunca ha sido casado con Mirta E. Lucca Olivera, como se evidencia por copia del certificado de matrimonio que se adjunta,*

*por lo cual toda sentencia u orden que se dicte bajo esos nombres resulta nula para todo efecto legal".* Alegaba el demandado, además, *"que en el emplazamiento que se le entregó también aparece como demandante, Mirta E. Lucca Olivera, por lo cual dicho emplazamiento resulta nulo".* Por esos fundamentos se solicitaba la desestimación de la demanda a la cual se le había asignado el Número JDI-94-1106.

El mismo día 27 de enero de 1995 en que se radicó la Moción de Desestimación aludida en el caso JDI-94-1106, el allí demandado, Anaya Amalbert, presentó una demanda de divorcio por la causal de separación contra su esposa Nilda E. Lucca Olivera, ante el Tribunal de Primera Instancia, Sala Superior de Ponce. A dicha acción civil se le asignó el Número JDI-95-0051. El emplazamiento se diligenció el 8 de febrero de 1995. El 28 de febrero de 1995, la parte demandada Nilda E. Lucca Olivera, radicó una Moción de Desestimación en la cual expuso "que la parte demandante ya fue demandada por la causal de adulterio en el caso Civil Núm. JDI-94-1106, de *Nilda E. Lucca Olivera vs. Cándido Anaya Amalbert"* y que por tal motivo *"la alegación de la parte demandante debió haberse alegado como Reconvención Compulsoria en el caso antes mencionado por surgir del mismo evento del matrimonio durante [sic] éste [sic] entre las partes".* Fundamentaba su contención en la Regla 11.1 de las de Procedimiento Civil. Adujo también que al no haberse invocado la causal de separación dentro del pleito previamente incoado por la causal de adulterio el demandante había renunciado a la referida causal por separación. Expresó en adición que esa conducta de la parte demandante constituía una dualidad de pleitos en contravención a la economía procesal contempladas por las Reglas de Procedimiento Civil.

El 4 de abril de 1995 el Tribunal de Primera Instancia emitió Sentencia en el caso JDI95-0051, la cual fue notificada y registrada en autos el 12 de mayo de 1995, desestimando la demanda de divorcio por separación radicada por Cándido Anaya Amalbert. El tribunal apelado apoyó su dictamen en la Regla 11.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R 11.1. El tribunal a quo expuso su razonamiento de la siguiente manera:

*"En el presente caso la demanda radicada por el demandado Cándido Anaya Amalbert por la causal de separación está limitada a su contraparte y actual esposa legal Nilda E. Lucca Olivera, por no ser negado por el demandante, por lo que no existen terceras personas que se puedan afectar por el dictamen de este Tribunal. No orientó correctamente el demandante a este Tribunal, al radicar una demanda por la causal de separación, cuando ya éste conocía de un pleito en su contra por otra causal y cuyo pleito fue radicado antes del presente. Resulta más bien un segundo pleito, imponiéndole una carga a la parte demandada en una dualidad de procesos y al Tribunal difícil de concebir que pueda servirse mejor a la justicia mediante pleitos separados y no mediante un sólo pleito. Rolón v. Fernández, 105 D.P.R. 368. Habiéndose iniciado ya la acción de divorcio por la parte demandada el demandante estaba obligado a presentar su acción de divorcio por la causal de separación, que estime tener, dentro del mismo pleito por vía de reconvención compulsoria.*

*El demandante no levanta como defensa que la acción de divorcio iniciada por la parte demandada sea una infundada y solamente lo que ha hecho es que sigilosamente ha tratado de desalentar la acción de la demandada, orientando incorrectamente al Tribunal. Insurance Co. of P.R. v. Ruiz Morales, 96 D.P.R. 175".*

No conforme con el dictamen desestimatorio, el 12 de junio de 1995, el demandante radicó el presente recurso de apelación y ante nos señala y discute los siguientes dos errores que analiza conjuntamente:

*"1) Erró el Honorable Tribunal de Instancia al desestimar la demanda de epígrafe y al declarar que el demandante y aquí apelante, estaba dentro de las circunstancias del presente caso, obligado a presentar su acción de divorcio por la causal de separación dentro del mismo pleito, por vía de reconvención compulsoria.*

*2) Erró el Honorable Tribunal de Instancia al determinar que cuando se radicó la demanda de divorcio por separación ya existía un caso donde la demandada había radicado una demanda por la causal de adulterio en el caso Civil Núm. JDI- 94-1106, Nilda E. Lucca Olivera v. Cándido Anaya Amalbert, y al concluir mediante ese razonamiento que el apelante sigilosamente ha tratado de*

*desalentar la acción de la demandada orientando incorrectamente al Tribunal".*

Habida cuenta que lo que plantea el recurso ante nuestra consideración es una cuestión exclusivamente de derecho, el 29 de julio de 1995 emitimos una Resolución eximiendo a las partes del requisito de la preparación de una exposición narrativa de la prueba y ordenamos a la Secretaria General del tribunal apelado que elevara el legajo, que en este caso se limita al apéndice conjunto dispuesto en la Regla 39 (b) de nuestro Reglamento, dentro del plazo de treinta (30) días, contados a partir de la notificación de la referida Resolución. Concedimos a la parte apelada un plazo de treinta (30) días, contados a partir de la fecha de radicación del apéndice conjunto, para presentar su alegato. Nuestra resolución se notificó el 31 de junio de 1995, o sea, treinta y dos (32) días después de haber sido emitida. El apéndice conjunto fue radicado el 25 de septiembre de 1995 y, finalmente, el alegato de la parte apelada fue presentado el 15 de noviembre de 1995. ■

Luego de un cuidadoso análisis de los escritos de las partes y del derecho aplicable, confirmamos la sentencia apelada. En la discusión de las cuestiones planteadas abordaremos los señalamientos de errores desde la perspectiva conjunta que utilizó el apelante.

En *Sociedad de Gananciales v. Tribunal Superior,* 85 D.P.R. 892 (1962) (Sentencia), se resolvió que el único propósito que informa la expresión en el emplazamiento del nombre del abogado de la parte demandante es permitirle a la parte demandada la notificación de cualquier alegación o moción que intente radicar. Es por ello que aun cuando la Regla 4.2 exige que en el emplazamiento se consigne el nombre, dirección y teléfono del abogado del demandante, la omisión de así hacerlo no es causa de nulidad ya que en la copia de la demanda entregada personalmente aparece clara la información aludida. José A. Cuevas Segarra, *Práctica Procesal Puertorriqueña, Procedimiento Civil,* **Publicaciones J.T.S.,** Vol.II, pág. 33.

En *Crane v. Battele,* 127 F.R.D. 174, 177 (1989), el demandado alegó que su nombre aparecía erróneamente en el emplazamiento y en el epígrafe de la demanda como *"Leonard Colín"* en vez de *"Colín Leonard".* El tribunal concluyó que se trataba de una flaqueza técnica que no maculaba los derechos del demandado. José A. Cuevas Segarra, Práctica Procesal Puertorriqueña, Procedimiento Civil, **Publicaciones J.T.S.** Vol. II, Suplemento Acumulativo, 1994, pág. 32.

En el caso de autos de la demanda que acompañaba al emplazamiento surgía inequivocamente la identidad de la demandante. La diferencia en el nombre de la demandante es un detalle mínimo y puramente formal que no debe demorar ni obstaculizar el derecho sustantivo que pueda tener la parte demandante. *Sánchez v. López,* 116 D.P.R. 172, 189 (1985).

Adviértase que si bien es cierto que el nombre propio de la demandante figuraba erróneamente, sus dos apellidos aparecían correctamente tanto en el epígrafe del emplazamiento como en el epígrafe de la demanda. Una somera lectura de las alegaciones de la demanda es suficiente para producir la certidumbre meridiana de que la demandante Mirta E. Lucca Olivera y Nilda E. Lucca Olivera son la misma persona. Son abrumadores los hechos alegados que le proporcionaron al demandado las señas inconfundibles de la identidad de la mujer que estaba incoando la acción de divorcio. En primer lugar, se informaba al demandado que la demandante es mayor de edad y Reverenda de la Iglesia Episcopal. En segundo lugar, que el esposo de la demandante es Doctor en Medicina de reputación conocida en Puerto Rico. En tercer lugar, que esa Reverenda de la Iglesia Episcopal y ese Doctor en Medicina *"contrajeron matrimonio entre sí en la ciudad de Ponce, Puerto Rico, el 29 de diciembre de 1955 y desde entonces se encuentran legalmente casados".* En cuarto lugar, la celebración de ese matrimonio consta en el Acta de Matrimonio, Acta Núm. 5 del Libro 79. En quinto lugar, los hijos procreados en ese matrimonio son mayores de edad. En sexto lugar, durante el matrimonio las partes adquirieron bienes gananciales que exceden la suma de $50,000.00. La concurrencia de esos datos específicos y de esas características y rasgos particularísimos, tenían necesariamente que producir en el demandado el convencimiento más absoluto de que quien le demandaba era su esposa Nilda E. Lucca Olivera, y que el nombre de Mirta, erróneamente invocado en el epígrafe, constituía una inadvertencia insustancial e inocua.

Resulta chocante que el demandado-apelante, en su Moción de Desestimación fechada el 26 de enero de 1995, alegara que nunca había estado casado con Mirta E. Lucca Olivera y que sometiera,

para probar su aserto, el Certificado de Acta de Matrimonio Núm. 5, del Libro 79 al que, precisamente, alude la demandante en el párrafo segundo de su demanda. Pero más asombroso aún es que el demandado haya redactado ese mismo día 26 de enero de 1995 ▇ una demanda de divorcio por separación contra su esposa, y alegue en el párrafo segundo de la demanda, textualmente: *"Que contrajeron matrimonio en Ponce, Puerto Rico, el día 29 de diciembre de 1955 en Ponce, Puerto Rico, [sic] según consta del Acta Número 05, Libro 79 del Registro Demográfico de Ponce, Puerto Rico"*. La alegación anteriormente transcrita coincide plenamente con las alegaciones de la demanda de divorcio radicada por la recurrida contra el recurrente. Agréguese que en los párrafos cuarto y quinto de la demanda de divorcio por la causal de separación el apelante alega que los hijos procreados en su matrimonio son todos mayores de edad y que en el matrimonio se han producido bienes gananciales por más de $50,000.00. Estas alegaciones son idénticas a las alegaciones contenidas en los párrafos cuarto y quinto de la demanda de divorcio original radicada por la apelada contra el apelante.

Irrespectivamente de que no es creíble la versión del apelante de que estaba siendo demandado por una persona inexistente, y que igualmente inverosímil es que no pudiera identificar a esa persona como su esposa, no nos ha demostrado que la jurisprudencia relativa a la exigencia de rigurosidad en el cumplimiento de los requisitos estrictos en los emplazamientos, sea aplicable a una situación como la de autos. El caso de *Rodríguez v. Nasrallah,* 118 D.P.R. 93 (1986), sobre el cual apoya su argumentación, es un caso de emplazamiento por edictos, que tan susceptibles son de ser utilizados para privar a la parte demandada de su oportunidad de ser oído y de defenderse. Esa posibilidad, que tiene el potencial de privar a una parte de sus derechos sin el debido proceso de ley, estaba totalmente descartada en la situación que nos ocupa. La entrega del emplazamiento con copia de la demanda ofrecía a cualquier persona de inteligencia promedio información clara de que se había instado una reclamación judicial en su contra, quién la había instado, los hechos detallados específicos de los cuales tenía que defenderse y la oportunidad de ser oído. En el caso específico de un Doctor en Medicina no había el menor margen para la confusión.

El apelante concede una importancia desmedida al hecho de que su esposa, demandante en el caso de divorcio por la causal de adulterio, enmendara su demanda. De ese evento procesal lo que reviste importancia no es que la demanda fuera enmendada para corregir un error nimio en el epígrafe, sino que la enmienda obedeció más bien a la necesidad de incluir el párrafo octavo donde se reclama la suma de $3,000.00 mensuales en calidad de pensión alimentaria una vez se decrete el divorcio entre las partes.

Es verdaderamente insólito que el apelante cuestionara la identidad de su esposa en la primera demanda de divorcio por un error en el nombre propio de una demandante que se estaba sometiendo voluntariamente a la jurisdicción del tribunal, mientras él, que era la parte demandada, hacía caso omiso de un error en su nombre que se hizo figurar tanto en el epígrafe de la demanda y el emplazamiento, erróneamente, como *"Cándida",* en vez del nombre correcto *"Cándido"*. Si hubiese sido consecuente al esgrimir su úargumento, forzosamente debió haber negado la existencia de *"Cándida"* y, por ende, su misma condición de demandado.

El apelante hace descansar prácticamente todo el peso de su argumentación en la Regla 4.2 de Las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap.III, R 4.2, que exige que en el emplazamiento se especifique los nombres de las partes. Sabido es que la función primordial del emplazamiento es el de notificar a la parte demandada que se ha instado una acción judicial en su contra, de manera que su derecho a ser oído y a defenderse quede plenamente garantizado y protegido. *Banco Central v. Capitol Plaza Inc.,* **94 J.T.S. 57** (1994).

Resolvemos que el error en el nombre de la demandante en el epígrafe de la demanda y el emplazamiento del caso de divorcio por la causal de adulterio, no invalida dicho emplazamiento, toda vez que se trata de un mero error nimio e insustancial de forma. Ello conlleva necesariamente la implicación de que el apelante al momento de radicar su demanda de divorcio por la causal de separación, había sido previamente demandado por la causal de adulterio y emplazado debidamente.

No necesariamente una parte demandada por la causal de adulterio, viene obligada a invocar la causal de separación como una reconvención compulsoria en su contestación a la demanda. El curso

de acción correcto dependerá de los hechos específicos alegados en la acción de divorcio por la causal de adulterio y en los hechos alegados en la causal por separación. Es innecesario que nos pronunciemos sobre el particular en esta ocasión, por dos razones básicas; primero, el apelante no discute la cuestión en su comparecencia ante nos; segundo, la demanda por la causal de separación, no expone hechos que justifiquen la concesión de un remedio, pues se limita a expresar en su párrafo sexto que *"La parte demandante interesa divorciarse de su esposa por la causal de separación"*, omitiendo proveer información sobre la duración de la separación, especialmente la fecha de su comienzo.

El apelante no queda desprovisto de su acción de divorcio por la causal de separación, pero es aconsejable que la presente como una reconvención en su alegación responsiva a la demanda de divorcio en el caso Número JDI-94-1106, pues constituye la ruta más acorde con el principio rector de economía procesal.

No habremos de intervenir con los pronunciamientos del Tribunal de Primera Instancia, Sala Superior de Ponce, que utiliza la palabra *"sigilosamente"* para referirse a la estrategia empleada por el apelante, pues es susceptible de que se le adscriban diversos significados. En atención al largo historial profesional de la representación legal del apelante, nosotros la hemos interpretado despojándola de su posible connotación peyorativa y la hemos equiparado a *"astucia"* que es una cualidad que la mayoría de los abogados valoran.

Por los fundamentos expresados se confirma la sentencia apelada.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

### ESCOLIOS 96 DTA 74

**1.** No pocos de los contratiempos experimentados en el presente litigio pueden atribuirse directamente a la representación legal de la parte apelada. En primer lugar los errores contenidos en la demanda y epígrafe del caso civil Núm. JDI-94-1106 son de su entera responsabilidad. En segundo lugar, en su alegato ante nosotros, citó incorrectamente cinco (5) casos.

**2.** Si bien la demanda de divorcio por separación fue radicada el 27 de enero de 1995, está fechada el 26 de enero de 1995.