**Howard J. FRIED, Petitioner**

v.

**David R. HINSON, Administrator, Federal Aviation Administration, Respondent.**

No. 94–1663.

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 12, 1996.

Decided March 15, 1996.

John S. Yodice, argued the cause for petitioner, with whom Ronald D. Golden, Frederick, MD, was on the briefs.

Kenneth G. Caplan, Special Attorney to the U.S. Attorney General, Washington, DC, argued the cause and filed the brief for respondent.

Before WILLIAMS, GINSBURG and SENTELLE, Circuit Judges.

Opinion for the court filed by Circuit Judge SENTELLE.

SENTELLE, Circuit Judge:

Howard Fried challenges the procedures used by the Federal Aviation Administration (FAA) in deciding not to renew Fried's authority to examine pilots. Although Fried alleges a flurry of constitutional, statutory, and regulatory violations, none permit or persuade us to disturb the agency's result.

## I. BACKGROUND

The Federal Aviation Act provides that the FAA administrator "may delegate to a qualified private person ... the examination, testing, and inspection necessary" to issue a pilot certificate, and may "rescind [this] delegation ... at any time for any reason." 49 U.S.C. § 44702(d). Among the various delegations that the FAA makes under this provision is the designation of pilot examiners, who are to conduct flight testing of those wishing to become pilots. *See* 14 C.F.R. § 183.23 (1995). A designated pilot examiner (DPE), like all Flight Standards Designated Representatives, *see id.* at § 183.13(b), enjoys a one-year term that "may be renewed for additional periods of one year in the Administrator's discretion." *Id.* at § 183.15(b).

The FAA first certified Howard Fried to be a designated pilot examiner in the mid-1960s. After many years as an examiner, he began writing a magazine column, which drew from his experience as a DPE. Despite occasional inquiries into Fried's conduct as a DPE, the FAA annually renewed his DPE authority until 1993. On May 13, 1993, Fried again sought renewal as a DPE. On May 24, 1993, David Hobgood, of the FAA's local office, notified Fried that he would not be renewed because he had not conducted two pilot exams properly. Fried's DPE authority expired by its terms on May 31, 1993.

Fried protested his non-renewal because the local office neither notified him of its concerns with his performance as a DPE nor provided an opportunity to respond to those concerns. Standard FAA procedure allows a DPE to respond before the local office decides not to renew the examiner. *See* FAA Order 8700.1 CHG 10 ¶ 21 (1994). The DPE may then appeal the local decision to the regional FAA office and may further appeal the regional decision to a U.S. Court of Appeals. *See id.*

In this case, the manager of the regional office, David Hanley, agreed that Fried deserved a chance to respond to the FAA's concerns before the FAA decided whether to renew Fried. Hanley thus announced that he would view the local office's decision not to renew Fried as a "proposal" that Fried's DPE status would not be renewed. To this

proposal, Hanley added three other grounds for not renewing Fried. He also notified Fried that he could respond to all five FAA concerns in an on-the-record hearing before Hanley on October 4, 1993. If Fried was not satisfied with Hanley's decision after that hearing, Fried could appeal to the national Flight Standards Service Director, Thomas Accardi.

Nine months after this hearing, Hanley decided that he would not renew Fried's DPE authority. Fried appealed to Accardi, who affirmed Hanley. Fried then appealed to this court, alleging that the FAA had not adhered to the procedures mandated by the FAA's own regulations, the Administrative Procedure Act, or the Constitution.

## II. DISCUSSION

Unlike the Ninth Circuit, see *Greenwood v. FAA*, 28 F.3d 971, 974–75 (9th Cir.1994); *Adams v. FAA*, 1 F.3d 955, 956 (9th Cir. 1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 690, 126 L.Ed.2d 657 (1994), we have not determined whether we may substantively review the FAA's decision not to renew a DPE or whether that decision is not reviewable because it has been "committed to agency discretion by law." 5 U.S.C. § 701(a)(2). Nor will we settle this question here because Fried challenges the process used in the FAA's decision-making, and thus whether we may review the substance of the decision is not essential to the outcome of the case. Whatever our ability to review the substance of FAA's decision not to renew Fried, we find no flaw in the process used to reach that decision insofar as it is subject to our review. In particular, the FAA did not violate the Due Process Clause because Fried has no cognizable life, liberty, or property interest in maintaining his DPE authority.

*A. Did the FAA violate the procedure its own rules prescribe?*

We turn first to the contention that the FAA disregarded several of its internal procedures in deciding not to renew Fried. Fried argues that the FAA violated its rules by not affording him an opportunity for a hearing in his local FAA office, by permitting the regional office to both levy additional charges against Fried and to decide whether Fried should be renewed, by allowing these additional charges to be filed at all, and by failing to send him documents related to these charges. According to Fried, current FAA guidelines (and various sections of the Administrative Procedure Act, *see, e.g.,* 5 U.S.C. § 554(d)) prohibit this conduct. He also claims that the modifications adopted by the FAA regional office for his renewal process directly violate the Administrative Procedure Act because the changes were not previously described in the Federal Register. *See* 5 U.S.C. § 552(a)(1)(C). Fried contends that any of these violations alone should result in remand.

■ As a prelude to any review of the process employed by the FAA, we caution that we do not intend to determine a threshold issue not squarely argued in this case. Although courts have generally required an agency to follow its own regulations, *see Webster v. Doe*, 486 U.S. 592, 602 n. 7, 108 S.Ct. 2047, 2053 n. 7, 100 L.Ed.2d 632 (1988), it is not clear that courts may review a claim of breached regulations when the regulations relate to a determination that has been "committed to agency discretion by law." 5 U.S.C. § 701(a)(2). *See Webster*, 486 U.S. at 602 n. 7 108 S.Ct. at 2053 n. 7; *but see Service v. Dulles*, 354 U.S. 363, 373–81, 77 S.Ct. 1152, 1157–62, 1 L.Ed.2d 1403 (1957) (requiring agency to follow own procedure when agency had represented to Congress that its regulations limited its "absolute discretion"). Although it may violate the text of 5 U.S.C. § 701(a)(2) or squander judicial resources to compel a court to review an agency's decision-making when the court cannot review the decision itself, we will not resolve the issue because the result would not affect our ultimate decision to affirm the FAA.

■ Assuming, without deciding, that we are able to review the violations of FAA procedures that Fried alleges, we conclude that Fried has not demonstrated a violation. Only two of Fried's various claims merit separate comment. First, Fried has not demonstrated that the modified procedure adapted by the FAA in this case resulted in substantial—or any—prejudice. *See American Farm Lines v. Black Ball Freight Ser-*

*vice,* 397 U.S. 532, 539, 90 S.Ct. 1288, 1292–93, 25 L.Ed.2d 547 (1970). An agency is entitled to "a measure of discretion in administering its own procedural rules in such a manner as it deems necessary." *Id.* at 538, 90 S.Ct. at 1292; *see also NLRB v. Monsanto Chemical Co.,* 205 F.2d 763, 764 (8th Cir. 1953) ("It is always within the discretion of … an administrative agency to relax or modify its procedural rules adopted for the orderly transaction of business before it when in a given case the ends of justice require it."). The FAA reasonably believed that it would risk charges of unfairness if it allowed the local FAA office, which had already erred by announcing that it would not renew Fried before it gave Fried an opportunity to respond to its concerns, to continue to participate in any review of Fried's record. Instead, the FAA elevated its procedure one level at every stage in the process, thus replacing the local FAA office with the regional FAA office for the initial determination of whether the FAA would renew Fried, and replacing the regional office with the national office for purposes of appellate review within the agency. Not only did Fried receive written notice of the procedure that the FAA was to follow prior to any hearings or any determination of his status, but the resulting procedure ensured Fried all the process that other renewal applicants receive from the FAA, including two distinct reviews of his application and an opportunity to present his case before the initial decisionmaker. Though Fried has asserted that he stood a better chance of being renewed by the local office than by the regional one, his unsubstantiated faith in his local office is flatly contradicted by that office's declaration, in May 1993, that it would not renew Fried. As Fried has offered no evidence or persuasive rationale to bolster his allegation of prejudice, we cannot fault the procedure used by the FAA.

■ Second, Fried has not demonstrated why the FAA regional director could not base his ultimate decision not to renew Fried on charges that were not raised by the local office, but rather added by the regional director prior to Fried's on-the-record hearing. Nothing in the rules precludes the regional director from basing his determination on reasons not described in the original proposal for non-renewal, especially in a situation, such as this, in which remand to the local office would be inappropriate. *See* FAA Order 8700.1 CHG 10 ¶ 21E (requiring only that the decision-maker indicate the reasons for non-renewal in writing). In addition, as the regional director was acting in the stead of the local office in this case, it was more than reasonable for the director to note additional concerns of the FAA when he informed Fried of the date of his hearing. *Cf.* FAA Order 8710.3B ¶ 7B–C (1994) (suggesting that the FAA notify a DPE of the reasons for a proposed non-renewal in the same writing that the FAA informs the DPE of his option to respond to those concerns).

Fried's other claims that the FAA violated its own regulations also have no merit. Therefore, assuming we may examine whether the FAA followed its own regulations in this case, we find that no such violation occurred.

*B. Did the FAA violate Fried's constitutional right to procedural due process?*

■ Whether or not we may review the substance of an FAA decision not to renew a DPE, *see Greenwood,* 28 F.3d at 974–75, precedent illustrates that we may still review "colorable constitutional claim[s]" arising from an agency's decision unless a statute clearly forbids such review. *See Webster,* 486 U.S. at 602–04, 108 S.Ct. at 2053–54. Although the Federal Aviation Act may have lodged full discretion with the agency, no party suggests that the Act bars judicial review of possible constitutional infractions.

■ Such review, however, does not benefit Fried. Fried claims that the FAA violated his constitutional right to due process guaranteed by the Fifth Amendment ("No person shall be … deprived of life, liberty, or property, without due process of law…."). Before a court may conclude that a government actor has violated an individual's right to due process, it must conclude that some process was due. By its terms, the Due Process Clause does not apply unless an individual can show that the government action at issue deprives him of an actu-

al interest in life, liberty, or property. *See Morrissey v. Brewer*, 408 U.S. 471, 480–81, 92 S.Ct. 2593, 2599–2600, 33 L.Ed.2d 484 (1972). Fried alleges that the FAA deprived him of both a property and a liberty interest when it did not renew his DPE authority. We disagree, and thus conclude that Fried cannot prevail on any of his constitutional claims.

Fried had no cognizable property interest in the renewal of his DPE authority because he had no legal entitlement to renewal. *See Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). FAA regulations allow the agency to determine whether to renew a particular examiner each year. *See* 14 C.F.R. § 183.15(b); FAA Order 8700.1 CHG 10 ¶ 21. The Federal Aviation Act and relevant regulations explicitly permit the agency to not renew an examiner for any reason deemed appropriate by the Administrator. *See* 49 U.S.C. § 44702(d)(2); FAA Order 8710.3B ¶ 7. These provisions underscore that a pilot examiner serves only as long as the agency thinks appropriate. Because no existing rule even implied that renewal was guaranteed, *see Roth*, 408 U.S. at 577–78, 92 S.Ct. at 2709–10, we conclude that Fried did not possess a legitimate property interest in the renewal of his DPE authority.

Similarly, Fried had no legitimate liberty interest in being renewed. Not only has the FAA not made his non-renewal, and any reasons for that non-renewal, public, but non-renewal neither automatically bars Fried from a broad range of government jobs nor stigmatizes him in a way that would substantially preclude the professional use of his skills. *See, e.g., Kartseva v. Department of State*, 37 F.3d 1524, 1526–30 (D.C.Cir.1994). Furthermore, the entitlement Fried seeks to preserve involves only performing a function of the agency as its delegate; non-renewal leaves intact his basic liberty to sell flight instruction services to willing private buyers.

Without the loss of some legitimate protected interest, Fried cannot sustain any claim that the FAA violated his constitutional right to process, including any claim predicated on the FAA violations of its own regulations or on the disappearance of documents from Fried's FAA file. Because Fried has not established a protected interest, we need not examine whether the FAA administered the proper dosage of procedure.

*C. Should Fried have maintained his DPE authority throughout his appeal?*

We also need not, and thus will not, determine whether the FAA violated the Administrative Procedure Act by not continuing Fried's authority to examine pilots until the resolution of his appeal. Fried had argued that his DPE authority was a license within the meaning of the APA, *see* 5 U.S.C. § 551(8), and thus the FAA should have extended his authority to examine pilots "until the application [for renewal] ha[d] been finally determined by the agency." 5 U.S.C. § 558(c). However, Fried's counsel admitted—and we agree—that this issue is moot unless we see some reason to remand Fried's complaints to the FAA for further determinations by that agency. *Cf. Marilyn T., Inc. v. Evans*, 803 F.2d 1383, 1383–84 (5th Cir. 1986) (holding that the permanent revocation of a license mooted the question of whether the temporary suspension of that license was legal). Although we would be reluctant to view the DPE authority as a license in any case, our affirmance of the FAA precludes further comment by making this matter moot.

## III. CONCLUSION

We again stress that we have not decided whether we will review a decision by the FAA whether to renew a pilot examiner. Precedent and prudence limits comment on questions not essential to a decision, *see, e.g., Chandler v. Judicial Council of the Tenth Cir.*, 398 U.S. 74, 89, 90 S.Ct. 1648, 1656, 26 L.Ed.2d 100 (1970); *Farmer v. Brennan*, — U.S. —, —, 114 S.Ct. 1970, 1991, 128 L.Ed.2d 811 (1994) (Thomas, J., concurring in the judgment), and our determination of the reviewability of this FAA action is not essential. Whether or not we can review the procedure (and substance) of the renewal decision on any grounds short of a constitutional violation, we still must affirm the FAA.

*It is so ordered.*