Brian P. MOORE, Appellant,

v.

AGENCY FOR INTERNATIONAL DEVELOPMENT, et al., Appellees.

No. 94–5268.

United States Court of Appeals, District of Columbia Circuit.

Argued Dec. 15, 1995.

Decided April 12, 1996.

Glenn H. Carlson, Washington, DC, argued the cause for appellant, with whom Diane E. Cafferty was on the briefs.

Daniel F. Van Horn, Assistant United States Attorney, argued the cause for appellees, with whom Eric H. Holder, Jr., United States Attorney, and R. Craig Lawrence, Assistant United States Attorney, were on the brief. John D. Bates, Assistant United States Attorney, entered an appearance.

Before: SILBERMAN, SENTELLE and RANDOLPH, Circuit Judges.

Opinion for the Court filed by Circuit Judge SENTELLE.

SENTELLE, Circuit Judge:

Brian P. Moore again appeals the dismissals of his due-process claims against two government officials, George Wachtenheim and Ronald Roskens, in their individual capacities. *See Moore v. Agency for Int'l Development,* 994 F.2d 874, 875 (D.C.Cir.1993). The district court dismissed the claims against Wachtenheim because it concluded that they were not filed within the proper limitations period and dismissed the claims

against Roskens because they did not meet the "heightened pleading" standard necessary to maintain a suit against a government official in his individual capacity. Moore contends that he should be able to proceed against both individuals, who allegedly deprived him of a liberty interest by defaming him in a manner that prompted his private employer to fire him. As defamation alone is not a constitutional tort, however, neither Wachtenheim nor Roskens, as individuals, denied Moore any process due him or otherwise violated Moore's constitutional rights.[1] Because Moore has thus not demonstrated a threshold element of any *Bivens* claim, we affirm the district court, albeit on grounds distinct from those on which the district court based its dismissals.

## I. BACKGROUND

In February 1987, Brian Moore began serving as a technical advisor to the private corporation, Management Sciences for Health ("MSH"), which had contracted with the Agency for International Development ("AID") to offer medical services in Bolivia. *See Moore,* 994 F.2d at 875. On May 15, 1987, MSH fired Moore, allegedly because of various defamatory attacks against Moore by George Wachtenheim, who was the Acting Director of AID/Bolivia at the time and who had supervised Moore in the past. According to Moore, Ronald Roskens, the then-Director of AID, also interfered with Moore's continued employment with MSH, though Moore has not clearly specified what acts of Roskens contributed to Moore's dismissal. *See id.* at 875–76.

Moore sued Wachtenheim and Roskens in both their official and individual capacities, as well as AID itself, on April 13, 1990. Of particular import to this appeal, Moore filed *Bivens* claims against Wachtenheim and Roskens as individuals, alleging that they had violated his Fifth Amendment right to due process. In those claims, Moore contended that the defendants' statements had effectively "blacklisted" Moore, which caused MSH to terminate him and discouraged other corporations in the region from hiring

him. The district court dismissed the entire litigation for a variety of shortcomings. Moore appealed only the dismissals of the *Bivens* suits against Wachtenheim and Roskens in their individual capacities. Concluding that Moore, then proceeding *pro se,* had not been afforded sufficient notice of defects in his pleadings, we remanded in order to permit him "to amend his complaint and to correct his service of process" as necessary to press a claim. *See id.* at 875.

On remand, Moore amended his complaint and the parties stipulated as to proper service of process. The district court, however, again dismissed both suits on different grounds. This time the court held that the claim against Wachtenheim was not filed within the proper statute of limitations, though that court did not state what the proper limitations period was. The court also denied Moore's claim against Roskens because Moore had not satisfied the "heightened pleading" standard required to sue a government official as an individual.

Moore again appeals the dismissals. He protests that a *Bivens* claim based on defamation should have a three-year limitations period, not the shorter period that the district court apparently applied. He also argues that the Supreme Court has recently eliminated the "heightened pleading" standard, which demands that a plaintiff state with particularity the factual basis of a claim within the pleadings, through a textual analysis of the Federal Rules of Civil Procedure. Appellees respond that the district court applied the proper statute of limitations, that the "heightened pleading" standard is a necessary element of a qualified-immunity defense, and that, in any case, Moore did not demonstrate the violation of a clearly established constitutional right necessary to maintain a *Bivens* claim on which a court may grant relief. Although we treat Moore's allegations as true in this appeal from dismissal, *see id.,* we need address only the last issue in order to affirm the district court.

## II. DISCUSSION

In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S.

1. Though Moore may have once alleged First Amendment claims in the proceedings below, any such claims were not preserved on appeal and are also dismissed.

388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court recognized a cause of action for a plaintiff who sought relief from federal officials who, acting as individuals, violated the plaintiff's clearly established constitutional rights. *See id.* at 390–97, 91 S.Ct. at 2001–05; *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987). Moore has brought such a *Bivens* claim here, contending that Wachtenheim and Roskens, in their individual capacities, have violated his constitutional right not to be "deprived of life, liberty, or property, without due process of law," U.S. CONST. amend. V, through their alleged defamation of his character and conduct. Moore seeks relief from Wachtenheim and Roskens either because Wachtenheim and Roskens defamed Moore or because they denied Moore some process that they had a duty to provide him. As neither allegation, on these pleadings, can give rise to the constitutional violation necessary for a *Bivens* claim against these defendants as individuals, we affirm both dismissals.

### A. Denial of Process

■ Neither Wachtenheim nor Roskens, acting in their individual capacities, wronged Moore by denying process owed to him. In his complaint, Moore sought only a *Codd* hearing—a procedure through which an agency or other employer permits an individual to clear his name from some falsehood. *See Codd v. Velger,* 429 U.S. 624, 627–28, 97 S.Ct. 882, 883–84, 51 L.Ed.2d 92 (1977). But neither Wachtenheim nor Roskens could have ordered such a *Codd* hearing for Moore, *see, e.g., Lyons v. Barrett,* 851 F.2d 406, 410–11 (D.C.Cir.1988) (presuming that a name-clearing hearing is ordered and conducted by an agency, not by an individual), especially as neither employed Moore. *See Codd,* 429 U.S. at 627, 97 S.Ct. at 884 (noting that the sole purpose of such a hearing is to settle factual disputes between employer and employee); *Melton v. City of Oklahoma City,* 928 F.2d 920, 928 n. 12 (10th Cir.) (emphasizing that *Codd* required a hearing only between an employer who created and disseminated a false statement about an employee and that employee), *cert. denied,* 502 U.S. 906, 112 S.Ct. 296, 297, 116 L.Ed.2d 241 (1991); *cf. Gini v. Las Vegas Metro. Police Dep't,* 40 F.3d 1041, 1044 (9th Cir.1994) (observing that a government actor who was not the employer of the plaintiff could not "directly deprive [plaintiff] of due process"). Nor has Moore identified, either at trial or on appeal, any other type of process that Wachtenheim or Roskens could provide. Because Wachtenheim or Roskens, acting in their individual capacities, did not deny Moore any process, Moore cannot maintain a *Bivens* action on this ground.

### B. Defamation

■ As Wachtenheim or Roskens have not denied Moore some process to which he had the clearly established constitutional right necessary for a *Bivens* claim, we are left to consider only whether their alleged defamation of Moore otherwise violates the Constitution. It does not. Defamation that does not occur "in the course of" the impairment of some legal status or right does not transgress the Fifth Amendment. *Paul v. Davis,* 424 U.S. 693, 710, 96 S.Ct. 1155, 1164, 47 L.Ed.2d 405 (1976); *see also Kartseva v. Department of State,* 37 F.3d 1524, 1530 (D.C.Cir.1995) (remanding a *Bivens* action against federal employees who may have terminated plaintiff's security clearance, but dismissing as to those employees who clearly did not act to change the plaintiff's legal status). While prior opinions, such as our recent dicta in *Kartseva,* 37 F.3d at 1526–30, may offer additional guidance to courts considering whether past defamation contributed to the deprivation of a legitimate liberty interest, *see, e.g., Fried v. Hinson,* 78 F.3d 688, 692 (D.C.Cir.1996), such commentary cannot obscure or replace the requirement that a defaming official must also impair the legal protections of an individual to be liable for that individual's loss of liberty. *See, e.g., Siegert v. Gilley,* 500 U.S. 226, 232–34, 111 S.Ct. 1789, 1793–94, 114 L.Ed.2d 277 (1991); *Paul,* 424 U.S. at 710, 96 S.Ct. at 1164.

Neither of Moore's claims satisfy that key criterion, as neither Wachtenheim nor Roskens denied Moore his proper legal due. Comparison to recent Supreme Court precedent supports our conclusion. In *Siegert,* the Supreme Court held that an official at a

federal hospital, who wrote a negative reference for a former employee after that employee had resigned from the hospital, could not be held constitutionally liable for defamation, even if his statements caused the former employee not to be hired by other federal employers and contributed to the employee's general inability to find comparable work. *See Siegert,* 500 U.S. at 232–34, 111 S.Ct. at 1793–94. As in this case, the defendant in *Siegert* worked neither for the current employer nor a prospective employer of the defamed individual. *See id.* at 228–29, 111 S.Ct. at 1791–92. And, as in this case, damages for the defamation could not be "recoverable in a *Bivens* action" because the defamation "was not uttered incident to" any deprivation of some legal protection of the plaintiff by the defaming official or by the entity for whom the official worked. *Id.* at 234, 111 S.Ct. at 1794. Thus, as neither Wachtenheim nor Roskens has personally impaired Moore's legal status, neither can be liable for a *Bivens* defamation claim.

### III. CONCLUSION

Reason confirms our legal result. The prospect of government officials braving the logistical difficulties of providing hearings to persons not in their employ is itself persuasive argument against allowing government officials to be threatened with vicarious liability for the due-process failings of private employers. Moreover, to permit *Bivens* suits based on only the words, not deeds, of a federal official would effectively transform bare defamation into a constitutional tort, despite the many cases holding the contrary. *See Siegert,* 500 U.S. at 233–34, 111 S.Ct. at 1793–94; *Paul,* 424 U.S. at 701–12, 96 S.Ct. at 1160–66.

Although we usually stay our discussion of these matters until the district court has had an appropriate opportunity to analyze them, the threshold nature of this issue persuades us to resolve the matter conclusively. *See, e.g., Siegert,* 500 U.S. at 231–32, 111 S.Ct. at 1791–92. Whatever the statute of limitations for a *Bivens* claim arising from alleged defamation within D.C. law, and whatever the condition of the "heightened pleading" standard after *Leatherman v. Tarrant County*

*Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993), we affirm the dismissal of each suit because neither alleges a constitutional violation sufficient for a *Bivens* claim.

*Affirmed.*